US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 1 9 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

In the United States District Court
Western District of Arkansas
Hot Springs Division

Samantha Deem                                                                    Plaintiff

v.                                    16-6091

Midland Funding LLC; and Midland
Credit Management, Inc.                                          Defendants

# Complaint

1.    This is an action for damages brought by Samantha Deem, an individual consumer, for Defendants Midland Funding LLC and Midland Credit Management, Inc.'s violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Arkansas Fair Debt Collection Practices Act (AFDCPA); Ark. Code Ann. § 17-24-501, *et seq.*, the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*, all of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## Parties

2.    Plaintiff Samantha Deem is a citizen of Garland County, Arkansas, and was so at the time of the events establishing this Complaint. Samantha Deem is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2), and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

3.     Midland Funding LLC is a foreign limited liability company organized under Delaware law with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA. Midland Funding LLC's registered agent is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Midland Funding LLC regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A) and a "person" as defined by Ark. Code Ann. § 4-88-102(5). Midland Funding LLC is a licensed debt collector with the Arkansas State Board of Collection Agencies.

4.     Midland Credit Management, Inc., if a foreign for profit corporation organized under Kansas law with its principal place of business located at 500 W. 1ᵗ, Hutchinson, KS 67504. Midland Credit Management, Inc.'s registered agent is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Midland Credit Management, Inc., regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A) and a "person" as defined by Ark. Code Ann. § 4-88-102(5). Midland Credit Management, Inc., is a licensed debt collector with the Arkansas State Board of Collection Agencies.

2

## Jurisdiction and Venue

5.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Samantha Deem's claims for violations of the FDCPA arise under the law of the United States. This Court has supplemental jurisdiction over Samantha Deem's remaining claims under 28 U.S.C. § 1367 because those claims are so related to her claims for violations of the FDCPA they form part of the same case or controversy under Article III of the United States Constitution.

6.    The Court has in personam jurisdiction over Midland Funding LLC (Midland Funding) and Midland Credit Management, Inc. (Midland Credit Management) under Arkansas' "long-arm" statute.[1] This Court's assertion or jurisdiction over Midland Funding and Midland Credit Management, is consistent with due process because all defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. Midland Funding and Midland Credit Management purposefully availed themselves of the protection of the laws of Arkansas each should would reasonably anticipate being haled into court in Arkansas by attempting to collect a consumer debt from an Arkansas citizen. This Court's exercise of jurisdiction over Midland Funding and Midland Credit Management, is reasonable. Furthermore, this Court's assertion or

---

[1] Ark. Code Ann. § 16-4-101(B).

jurisdiction over Midland Funding and Midland Credit Management is consistent with due process because both defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice based on the following factors:

- Midland Funding files thousands of debt collection lawsuits in Arkansas Circuit and District Courts each year;

- Midland Credit Management typically provides Affidavits in support of Midland Funding's allegations in these debt collection complaints by having employees, sign these Affidavits.

- Samantha Deem's cause of actions asserted herein are directly related to each Defendants' contacts with Arkansas.

- Arkansas has an interest in protecting its citizens from violations of the FDCPA, the AFDCPA, and the ADTPA.

- This Court is a convenient forum for all parties to resolve Samantha Deem's claims and causes of action.

7.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions establishing the claim occurred in this judicial district and division.

## Factual Background

8.    Around July 2014, Credit One Bank, N.A., contacted Samantha Deem regarding a delinquent credit card account. Samantha Deem disputed with the Credit One Bank, N.A. representative that she had ever had a Credit One Bank, N.A. credit card account.

9.    In approximately March 2015, Midland Funding LLC (Midland Funding) reported to credit reporting agencies that Samantha Deem owed it $596.00 and that she was past due paying.

10.    On December 4, 2015, Midland Funding LLC (Midland Funding) filed a civil action against Samantha Deem in the Circuit Court of Garland County, Arkansas.[1] The Complaint alleged that:

- Samantha Deem purchased items with an extension of credit obtained on her Credit One Bank, N.A. account;

- The Credit One Bank, N.A. account was purchased and assigned to Midland Funding for good and valuable consideration.

- The amount past due on the account, which had not been paid and was owed for a period of time was $595.81.

11.    Upon information and belief, the debt Midland Funding sued Samantha Deem on is a financial obligation for personal, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

---

[1] *See* attached Exhibit 1 (Complaint, Affidavit, and other documents that were attached to the Complaint).

12.    Attached to the Complaint was an Affidavit signed by Kory Holst, an employee of Midland Credit Management, the "servicer of this account on behalf of MIDLAND FUNDING, LLC[.]" The Affidavit swore that the following, among other statements, was true:

- Midland Funding was the owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Samantha Deem's Credit One Bank, N.A. account; and

- Samantha Deem owed a balance of $595.81 as of August 26, 2015.

13.    The statements that Samantha Deem had a Credit One Bank, N.A. account and that Samantha Deem owed a balance of $595.81 were false.

14.    On December 22, 2015, Midland Funding served Samantha Deem with the Complaint and Summons.

15.    On January 20, 2016, Samantha Deem filed her Answer to the Complaint. Attached to the Answer was her Affidavit, which denied she had ever

- applied for a Credit One Bank, N.A. account; or

- purchased items with an extension of credit on a Credit One Bank, N.A.

16.    The Affidavit also stated that she

---

*See* attached Exhibit 2.

*Id.*

6

- had disputed with Credit One Bank, N.A., that she owed it any amount of money;

- did not know how Midland Funding obtained the account; and

- she did not owe Midland Funding LLC $595.81.[3]

17. Samantha Deem also served requests for production[4] seeking documents and information regarding the account at issue in its Complaint, including the application, receipts of charges, and the transaction history. As of this date, Midland Funding has never responded or objected to Samantha Deem's discovery requests or provided any information showing that she actually applied for or used a Credit One Bank, N.A. credit card account.

18. Midland Funding propounded discovery requests on Samantha Deem. Samantha Deem has responded to those discovery requests.

19. Samantha Deem has also provided to Midland Funding an Identity Theft Affidavit.

20. The lawsuit Midland Funding filed against Samantha Deem is still pending.

21. Defendants' and their employees' and agents' conduct in suing to attempt to collect a debt from Samantha Deem that she did not owe on a credit card she did not apply for, receive, or use, was the direct and

---

[3] *Id.*

[4] *See* attached Exhibit 3.

proximate cause of actual damages, including emotional distress, and has caused unnecessary strain on her.

### Respondeat Superior Liability

22.   The acts and omissions of employees and agents of Midland Funding and Midland Credit Management who filed a lawsuit and provided false information in the lawsuit against Samantha Deem to attempt to collect a debt were committed within the time and space limits of their agency relationship with their principals Midland Funding and Midland Credit Management, respectively.

23.   The acts and omissions of Midland Funding and Midland Credit Management's employees and agents, were incidental to, or of the same general nature as, the responsibilities these employees and agents could perform by Midland Funding and Midland Credit Management, respectively.

24.   By committing these acts and omissions against Samantha Deem, Midland Funding's and Midland Credit Management's and other employees and agents were motivated to benefit their principals, Midland Funding and Midland Credit Management, respectively.

25.   Midland Funding and Midland Credit Management are therefore liable to Samantha Deem under the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by their collection employees and agents, including violations

of the FDCPA, the AFDCPA, and the ADTPA, in their attempts to collect a consumer debt from Samantha Deem.

## Standing

26.   Samantha Deem has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Samantha Deem's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumer's right to privacy and provides redress for violations of those privacy rights, including the right to be left alone from debt collection efforts on debts the consumer does not owe. The ADTPA recognizes the risk of harm to persons who are subject to unconscionable, false, or deceptive acts or practices in business, commerce, or trade.

## Causes of Action

### *Count I–Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

27.   Samantha Deem re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

28.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following provisions:

9

a. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass harasses, oppress or abuse any person in connection with the collection of a debt;

b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

c. Defendants violated 15 U.S.C. § 1692e(2) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt;

d. Defendants violated 15 U.S.C. § 1692e(8) by communicating false credit information, including the failure to communicate that the debt was disputed;

e. Defendants violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect the alleged debt;

f. Defendants violated 15 U.S.C. § 1692f by making unfair and unconscionable means to collect or attempt to collect the alleged debt; and

g. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

29.    Because of the above violations of the FDCPA, Defendants are liable to Samantha Deem for a declaratory judgment that Defendants' conduct violated the FDCPA, Samantha Deem's actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

### *Count II–Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

30.    Samantha Deem re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

31.    Defendants violated the AFDCPA. Defendants' violations include, but are not limited to, the following provisions:

    a.    Defendants violated Ark. Code Ann. § 17-24-505(a) by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b.    Defendants violated Ark. Code Ann. § 17-24-506(a) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

    c.    Defendants violated Ark. Code Ann. § 17-24-506(b)(2)(A) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt.

11

    d.    Defendants violated Ark. Code Ann. § 17-24-506(b)(8) by communicating false credit information, including the failure to communicated that the debt was disputed.

    e.    Defendants violated Ark. Code Ann. § 17-24-506(b)(10) by making false representations or using deceptive means to collect the alleged debt.

    f.    Defendants violated Ark. Code Ann. § 17-24-507(a) by making unfair and unconscionable means to collect or attempt to collect the alleged debt.

    g.    Defendants violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

32.    Because of the above violations of the AFDCPA, Defendants are liable to Samantha Deem for a declaratory judgment that Defendants' conduct violated the AFDCPA, Samantha Deem's actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

### *Count III–Violations of the ADTPA, Ark. Code Ann. § 4-88-101, et seq.,*

33.    Samantha Deem re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

12

34.     The ADTPA is designed to protect Arkansans from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is construed broadly.

35.     Midland Funding and Midland Credit Management and their respective employees and agents, are "persons" as defined in Ark. Code Ann. § 4-88-107(a)(10).

36.     Midland Funding and Midland Credit Management and its employees' and agents' actions described are deceptive and unconscionable trade practices made unlawful and prohibited by the ADTPA, including but not limited to engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade under Ark. Code Ann. § 4-88-107(a)(10).

37.     Midland Funding and Midland Credit Management and its employees' and agents' conduct was willful and wanton.

38.     Samantha Deem suffered actual damages, including emotional distress and mental anguish, as a result of the violations of the ADTPA and may recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

## Jury Demand

39.     Samantha Deem demands a jury trial.

## Prayer for Relief

Samantha Deem prays judgment be entered against Defendants for her actual damages, statutory damages, costs and reasonable attorney fees, and for such other relief as may be just and proper.

Respectfully submitted

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

*Counsel for Plaintiff Samantha Deem*

14